IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROY MILTON PAGE**                                                                        **PETITIONER**

**V.**                               **CIVIL ACTION NO. 2:12-CV-214-KS-MTP**

**RONALD J. KING**                                                       **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion to Dismiss [5] filed by Respondent.

On December 17, 2012, Respondent filed his Motion to Dismiss [5], arguing that this matter should be dismissed pursuant to 28 U.S.C. § 2244(d)(1). The AEDPA provides, in pertinent part, that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "time for seeking such review" "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." SUP. CT. R. 13.

Petitioner was sentenced on January 26, 2010 [5-1]. He appealed the conviction.

The Mississippi Supreme Court entered an opinion affirming the trial court's sentencing order on June 30, 2011 [5-2]. The time for Petitioner to file a petition for a writ of certiorari began to run on June 30, 2011, and it expired on September 28, 2011. Section 2244(d)(1)'s one-year limitation period began to run, therefore, on September 28, 2011.[1]

On August 10, 2012, Petitioner filed an application for post-conviction relief [5-3], which he signed on August 9, 2012. The Mississippi Supreme court denied the petition on September 12, 2012 [1-5]. "The time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment . . . is pending shall not be counted toward" Section 2244(d)(1)'s one-year limitation period. 28 U.S.C. § 2244(d)(2). Therefore, the limitation period was tolled for a period of thirty-four days while his application for post-conviction relief was pending.

Accordingly, Petitioner was required to file his habeas petition on or before November 1, 2012.[2] "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to

---

[1] Petitioner argues that his time period to file a petition for a writ of certiorari with the Supreme Court started to run on July 21, 2011 – the date on which the Mississippi Supreme Court issued the mandate [1-2] on his direct appeal, citing *Holland v. Florida*, – U.S. –, 130 S. Ct. 2549, 2556, 177 L. Ed. 2d 130 (2010). Petitioner misread the opinion. *Holland* provided that the 1-year AEDPA limitation period began to run on the date that the Supreme Court denied the petitioner's petition for a writ of certiorari. *Id.* at 2555. The limitation period was tolled, however, during the time period that his application for post-conviction relief was pending. *Id.* at 2555-56. It started running again when the Florida Supreme Court issued its mandate. *Id.* at 2556.

[2] September 28, 2011 + 365 days = September 28, 2012; September 28, 2012 + 34 days = November 1, 2012

the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner signed his petition on November 8, 2012 [1]. It is, therefore, barred by Section 2244(d)(1).

Petitioner argues that exceptional circumstances exist which warrant the application of equitable tolling. "To establish his entitlement to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). First, Petitioner claims to be "functionally illiterate,"[3] and to have insufficient legal knowledge to navigate the appellate system. These, however, are not the sort of rare and exceptional circumstances in which the AEDPA's one-year limitation period is equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (". . . mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . "); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (illiteracy does not merit equitable tolling).

Petitioner further claims to have received inadequate assistance of counsel on his direct appeal, but ineffective assistance on direct appeal has no bearing on Petitioner's ability to timely file a habeas petition. In any case, "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *Manning*, 688 F.3d at 185. The Court finds, therefore, that no exceptional circumstances exist which merit equitable tolling.

---

[3]Despite Petitioner's claim to be functionally illiterate, the Court notes that he filed a coherent and well-organized brief [6] in response to Respondent's motion to dismiss.

For all of these reasons, the Court **grants** Respondent's Motion to Dismiss [5]. Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1). Therefore, the Court **dismisses it with prejudice**.

SO ORDERED AND ADJUDGED this 29th day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE