IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROY MILTON PAGE                                                              PETITIONER

V.                                          CIVIL ACTION NO. 2:12-CV-214-KS-MTP

RONALD J. KING                                                              RESPONDENT

### MEMORANDUM OPINION AND ORDER

The Court **denies** Petitioner's Motion to Vacate Judgment [10] for the same reasons stated in its Memorandum Opinion and Order [8] of July 29, 2013.

Petitioner argues that Section 2244(d)(1)'s limitation period should be tolled for 1) the seven days it allegedly took for him to become aware of the Mississippi Supreme Court's affirmation of his sentence on direct review on June 30, 2011; and 2) the two days it took for the Mississippi Supreme Court's order denying his motion for post-conviction relief to reach him from the prison mail room. The Court need only address the first issue.

Section 2244(d)(1)'s limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 22449(d)(1)(A). The time period "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the

mandate (or its equivalent under local practice)." SUP. CT. R. 13.

Petitioner was sentenced on January 26, 2010 [5-1]. He appealed the conviction. The Mississippi Supreme Court entered an opinion affirming the trial court's sentencing order on June 30, 2011 [5-2]. The time for Petitioner to file a petition for a writ of certiorari began to run on June 30, 2011, and it expired on September 28, 2011. Section 2244(d)(1)'s one-year limitation period began to run, therefore, on September 28, 2011. The date upon which Petitioner became aware of the Mississippi Supreme Court affirming his sentence is irrelevant.

Assuming that Section 2244(d)(1)'s limitation period was tolled for the two days it took the denial of Petitioner's PCR motion to reach him from the prison mail room, Petitioner would have still been required to file his habeas petition by November 3, 2012.[1] Petitioner signed his petition on November 8, 2012 [1]. It is, therefore, barred by Section 2244(d)(1).

SO ORDERED AND ADJUDGED this 30th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] September 28, 2011 (expiration of time to file petition for writ of certiorari) + 365 days = September 28, 2012; September 28, 2012 + 36 days (time PCR motion was pending) = November 3, 2012